Theodore Theodosiadis, Esq. (SBN 3096640)
333 S Grand Ave. Suite 3310
Los Angeles, CA 90071
Phone: (213) 425-0025

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA TEODORO, individually and as heir to RICHARD ANAYA, deceased; D.A.A., individually and as heir to RICHARD ANAYA, deceased; N.C.A., individually and as heir to RICHARD ANAYA; FABIAN ANAYA JR., individually and as heir to RICHARD ANAYA. <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFFS DEPARTMENT, a public entity; FABIAN ANYANA SR. an individual;  and DOES 1-50, inclusive, individually, jointly and severally, <br><br> Defendants. <br> and <br> FABIAN ANYANA SR. an individual; <br><br> Nominal Defendant. | CASE NO: <br><br> **COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES** <br><br> **JURY TRIAL DEMAND** |

- 1 -

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

## INTRODUCTION

1. This case arises out of the wrongful death of RICHARD ANAYA, a twenty-two-year-old man, who was serving a sentence at Twin Towers Correctional Facility. On October 18, 2019, Mr. ANAYA was found in his cell, face down under the toilet. He was taken to LAC/USC Medical Center, where he died on November 1, 2019.

2. The records provided by the Los Angeles County Department of Health Services (hereinafter "LACDHS"), indicate that the Twin Towers Correctional Facility was aware that Mr. ANAYA suffered from schizophrenia and other mental disorders when he arrive at the facility.

3. The record further indicates that on September 24, 2019, the facility was authorized by Court order to administer to Mr. ANAYA involuntary psychotropic medications. The Court order reflects that the failure to do so would probably cause great harm to Mr. ANAYA's physical and mental health.

4. Acting against the order, the facility failed to administer involuntary medication. As a result, Mr. Anaya did indeed suffer great physical and mental harm, which led to his demise.

## JURISDICTION

5. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Los Angeles, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

6. Decedent, RICHARD ANAYA (hereinafter "ANAYA" or "Decedent"), was an individual residing in the County of Los Angeles, State of California. Decedent was unmarried at the time of his death and died intestate. Decedent was readily identifiable as Hispanic. Decedent did not file

- 2 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

1  any legal actions prior to his death. Decedent has no surviving children.

2      7. At all times mentioned herein, Plaintiff MYRNA TEODORO (hereinafter "PLAINTIFF
3  TEODORO"), has been a resident of Los Angeles County. PLAINTIFF TEODORO is the
4  biological mother of Decedent ANAYA.

5      8. Plaintiff D.A.A. (hereinafter "PLAINTIFF D.A.A.") sues in her individual capacity, as
6  Decedent ANAYA's sibling pursuant to California Code of Civil Procedure Sections 377.30 and
7  377.60 and California Probate Code Section 6402.

8      9. Plaintiff N.C.A. ("hereinafter "PLAINTIFF N.C.A.") sues in her individual capacity, as
9  Decedent ANAYA's sibling pursuant to California Code of Civil Procedure Sections 377.30 and
10 377.60 and California Probate Code Section 6402.

11     10. Plaintiff FABIAN ANAYA JR. ("hereinafter PLAINTIFF FABIAN") sues in his
12 individual capacity, as Decedent ANAYA's sibling pursuant to California Code of Civil
13 Procedure Sections 377.30 and 377.60 and California Probate Code Section 6402.

14     11. At all times relevant herein, Defendant COUNTY OF LOS ANGELES (hereinafter
15 "DEFENDANT COUNTY"), is a public entity, existing under the laws of the State of California.

16     12. At all times relevant herein, Defendant LOS ANGELES COUNTY SHERIFFS
17 DEPARTMENT (hereinafter "DEFENDANT LASD"), is a public entity, existing under the laws
18 of the State of California. DEFENDANT LASD operates the Twin Towers Correctional Facility.

19     13. Plaintiffs are informed, believe and therein allege that nominal Defendant FABIAN
20 ANYANA SR. (hereinafter "DEFENDANT FABIAN"), at all times relevant herein has been a
21 resident of Los Angeles County. DEFENDANT FABIAN is the biological father of Decedent
22 ANAYA. His whereabouts are currently unknown.

23     14. Plaintiffs are ignorant of the true names and/or capacities of defendant sued herein as
24 DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.
25 Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.
26 Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for
27 the incident, injuries and damages hereinafter set forth. Each defendant proximately caused

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend their Complaint subject to further discovery.

15. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs timely filed a Government Tort Claim with the County of Los Angeles and the Los Angeles Sheriff's Department notifying the County and the Department of Plaintiffs' intent to file a lawsuit against the County and the Department.

16. Plaintiffs contend that the County of Los Angeles and the Los Angeles Sheriff's Department are liable for all state law causes of action under the theory of Respondeat Superior, wherein damages occurred while County and Department employees were engaged in the performance of their job duties.

## STATEMENT OF FACTS

17. In August of 2019 Decedent was incarcerated at Twin Towers Correctional Facility. Because of his long history of mental health issues, including schizophrenia, he was housed in the suicide watch area.

18. On September 24, 2019, during a 1368 PC Competency Hearing in Department 95 B of the Superior Court of California, the Court, after reviewing a report by Doctor David Rad regarding Decedent's mental health, stated, "The Court finds that the Defendant lacks the mental capacity to make decisions regarding psychotropic medication. If untreated with psychotropic medication, it is possible that the *Defendant will suffer serious harm to his physical or mental health.* [Emphasis added.]

19. Further, the Court stated "It is medically appropriate to treat the Defendant's psychiatric

- 4 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

condition with psychotropic medication. This medication is likely to be effective. <u>The treatment facility is authorized to administer involuntary psychotropic medication to the Defendant</u>. In an objectively reasonable manner consistent with the facility's policies when and as prescribed by the Defendant's treating psychiatrist." [Emphasis in original.]

20. The Court added, "…the involuntary medication order is in effect for one year or until maximum commitment date."

21. The policies of DEFENDANT LASD regarding involuntary medication are outlined in DEFENDANT LASD's "Custody Division Manual." The manual offers authority for administering involuntary medication in instances where an inmate is unable to provide informed consent to prescribed medication and where a Court issues an order authorizing such action.

22. From September 24, 2019 until October 18, 2019, Decedent was offered medication on a daily basis. In each instance, he refused to take the prescribed medication.

23. Though Decedent was deemed to "lack[s] the mental capacity to make decisions regarding psychotropic medication," and there was a Court order authorizing involuntary medication be administered, and the facility had procedures in place for this exact situation, Decedent never received the medication needed to keep him alive.

24. As a result, Decedent suffered the fate that the Court feared. The lack of medication resulted in serious harm to Decedent's physical and mental health and Mr. ANAYA died after nearly a month of neglect.

25. Plaintiffs are informed, believe and therein allege that DEFENDANT COUNTY and DEFENDANT LASD exhibit a pattern and practice of negligent treatment of mentally ill inmates.

26. Plaintiffs are informed, believe and therein allege that DEFENDANT COUNTY and DEFENDANT LASD, had reason to know by way of actual or constructive notice, of the aforementioned Court order, Decedent's mental health needs, and the departmental policy and procedures outlined in the "Custody Division Manual."

27. Plaintiffs are informed, believe and therein allege that DEFENDANT COUNTY and

- 5 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

DEFENDANT LASD, had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern, and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

28. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. § 1983 and the Eighth, and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

29. Plaintiff TEODORO, Plaintiff D.A.A., Plaintiff N.C.A. Plaintiff FABIAN, bring this claim as co-successors-in-interest to Decedent ANAYA and seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights.

30. Plaintiff TEODORO, Plaintiff D.A.A., Plaintiff N.C.A., Plaintiff FABIAN, are further entitled to recover damages incurred by Decedent before he died as a result of Plaintiffs' gross negligence, of Decedent's right to life and enjoyment of life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent, consisting of pain and suffering he endured, during the time he struggled for his life, as a result of the violations of his civil rights.

31. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§ 1983, 1985-86, and 1988.

//
//
//

- 6 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

## FIRST CAUSE OF ACTION
(Violation of Eighth Amendment of the United States Constitution)
(42 U.S.C. §1983)
(Plaintiffs TEODORO, D.A.A., N.C.A., and FABIAN Against Defendants COUNTY, LASD, and DOES 1 - 50)

32. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 31 of this Complaint as though fully set forth.

33. Defendants COUNTY, LASD, and DOES 1 – 50's above-described conduct violated Decedent's right, as provided for under the Eighth Amendment to the United States Constitution, by showing a deliberate indifference to Decedent's serious medical needs.

34. Defendants had actual or constructive knowledge that substantial risk of serious harm to Decedent existed, and Defendants disregarded that risk.

35. Decedent was forced to endure great physical and mental pain and suffering because of the Defendants' conduct, or lack thereof, before his death.

36. Plaintiffs, as co-successors-in-interest of Decedent bring claims for damages for the conscious pain and suffering incurred by Decedent, as provided under 42 U.S.C. §1983.

37. Defendants acted under color of law by denying Decedent his medication, which caused his untimely death, thereby depriving Decedent of certain constitutionally protected rights, including, but not limited to, the right to be free from cruel and unusual punishment.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violation of Plaintiffs' Fourteenth Amendment Rights to Familial Relationship)
(42 U.S.C. §1983)
(Plaintiffs TEODORO, D.A.A., N.C.A., and FABIAN Against Defendants COUNTY, LASD, and DOES 1 - 50)

38. Plaintiffs hereby re-allege and incorporate by reference herein Paragraphs 1 thorough 37 of this Complaint as through fully set forth.

39. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by consciously disregarding the substantial risk

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

of serious harm to Decedent, which resulted in Decedent's death, all without justification.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(*Monell* – 42 U.S.C. Section 1983)
(Plaintiffs TEODORO, D.A.A., N.C.A., and FABIAN Against Defendants COUNTY, LASD, and DOES 1 - 50)

40. Plaintiffs hereby re-allege and incorporate by reference herein Paragraphs 1 through 39 of this Complaint as though fully set forth.

41. Plaintiffs are informed and believe and thereon allege that high-ranking Los Angeles County and Los Angeles County Sheriff's Department officials, including DOES 1 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional neglect of schizophrenic inmates.

42. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants COUNTY and LASD and DOES 1 – 50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorize the continuing pattern and practice of misconduct and/or civil rights violations by the Los Angeles County Sheriff's Department, which brought about circumstances which led to Decedent's untimely death.

43. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and each of them, Defendants COUNTY and LASD and/or DOES 1 -50 ratified and encouraged their course of misconduct.

44. Plaintiffs further allege that Defendants COUNTY, LASD and DOES 1-50 and/or each of them, were on notice of the Constitutional defects in their training of Los Angeles County Sheriff's Office deputies, including, but not limited to, failing to reasonably train deputies in caring for the needs of mentally ill inmates.

45. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking Los Angeles County officials, including high ranking Los Angeles County Sheriff's Department

1. supervisors, DOES 1 – 50, and/or each of them resulted in the deprivation of Plaintiffs' and Decedent's constitutional rights including, but not limited to: the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment of the United States Constitution; and the right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution.

### FOURTH CAUSE OF ACTION
**(Violation of Plaintiffs' State Statutory Rights)**
**(Violation of California Civil Code § 52.1)**
**(Plaintiffs TEODORO, D.A.A., N.C.A., and FABIAN Against Defendants COUNTY, LASD, and DOES 1 - 50)**

46. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 45 of this Complaint as though fully set forth.

47. Defendants COUNTY, LASD, and DOES 1 – 50 above described conduct constituted interference and attempted interference with Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and law of the United States and the State of California, in violation of California Civil Code §52.1.

48. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,000.

49. As a proximate result of Defendant's gross negligence and wrongful conduct, Plaintiffs suffered as hereinafter set forth below.

50. Plaintiffs contend that Los Angeles County is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while Los Angeles County employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

//
//

- 9 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

## FIFTH CAUSE OF ACTION
(Negligence)
(Plaintiffs TEODORO, D.A.A., N.C.A., and FABIAN Against Defendants COUNTY, LASD, and DOES 1 - 50)

51. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 50 of this Complaint as though fully set forth, except for any and all allegations of wrongful death, intentional, malicious, extreme, outrageous, wanton and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

52. Defendants and DOES 1 – 50, by and through their respective agents and employees, caused Decedent's death, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

53. As an actual and proximate result of Defendant's negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

54. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages and exemplary damages in amounts to be determined according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
5. For any and all statutory damages allowed by law;

- 10 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF THEODORE THEODOSIADIS**

Dated: October 5, 2020

_____
Theodore Theodosiadis, Esq.
Attorney for Plaintiffs