1  Theodore Theodosiadis, Esq. (SBN 3096640)
2  333 S Grand Ave. Suite 3310
   Los Angeles, CA 90071
3  T: (213) 425-0025
   F: (213) 210-2179
4  E: theo@theotlaw.com

   Attorney for Plaintiff

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MYRNA TEODORO, individually and as heir    CASE NO: 2:20-cv-09139-GW-PLA
    to RICHARD ANAYA, deceased;

12            Plaintiffs,                      **SECOND AMENDED COMPLAINT
13                                             FOR WRONGFUL DEATH AND
         vs.                                   VIOLATION OF CIVIL RIGHTS AND
14                                             DAMAGES**
    COUNTY OF LOS ANGELES, a public
15  entity; LOS ANGELES COUNTY SHERIFFS        **JURY TRIAL DEMAND**
    DEPARTMENT, a public entity;
16  SHERIFFALEX VILLANUEVA, an
    individual; DR. JONATHAN E. SHERIN, an
17  individual; GREGORY C. POLK, an
    individual; DR. DOUGLAS GREENBLATT,
18  an individual; and DOES 1-50, inclusive,
    individually, jointly and severally,

19
20            Defendants.

21

22

23

24                    I.   **INTRODUCTION**

25      1.  This case arises out of the wrongful death of RICHARD ANAYA, a twenty-two-year-old

26  man, who was serving a sentence at Twin Towers Correctional Facility. On October 18, 2019,

27  Mr. ANAYA was found in his cell, face down under the toilet. He was taken to LAC/USC

                                  - 1 -

          **SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS,
                    WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

Medical Center, where he died on November 1, 2019.

2.    The records provided by the Los Angeles County Department of Health Services (hereinafter "LACDHS"), indicate that the Twin Towers Correctional Facility was aware that Mr. ANAYA suffered from schizophrenia and other mental disorders when he arrived at the facility.

3.    The record further indicates that on September 24, 2019, the facility was authorized by Court order to administer to Mr. ANAYA involuntary psychotropic medications. The Court order reflects that the failure to do so would probably cause great harm to Mr. ANAYA's physical and mental health.

4.    Acting against the order, the facility failed to administer involuntary medication. As a result, Mr. Anaya did indeed suffer great physical and mental harm, which led to his demise.

## II.  <u>JURISDICTION</u>

5.    This action arises under Title 42 of the United States Code, Section 1983. Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Los Angeles, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## III.  <u>PARTIES</u>

6.    Decedent, RICHARD ANAYA (hereinafter "ANAYA" or "Decedent"), was an individual residing in the County of Los Angeles, State of California. Decedent was unmarried at the time of his death and died intestate. Decedent was readily identifiable as Hispanic. Decedent did not file any legal actions prior to his death. Decedent has no surviving children.

7.    At all times mentioned herein, Plaintiff MYRNA TEODORO (hereinafter "PLAINTIFF TEODORO"), has been a resident of Los Angeles County. PLAINTIFF TEODORO is the biological mother of Decedent ANAYA.

8.    At all times relevant herein, Defendant COUNTY OF LOS ANGELES (hereinafter "DEFENDANT COUNTY"), is a public entity organized and existing under the laws of the State

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

of California. The Los Angeles County Sheriff's Department, the Los Angeles County of Mental Health, and the Los Angeles County Medical Services Bureau are, and at all times herein alleged were, agencies of the County of Los Angeles.

9.   At all times relevant herein, Defendant LOS ANGELES COUNTY SHERIFFS DEPARTMENT (hereinafter "DEFENDANT LASD"), is a public entity, existing under the laws of the State of California. DEFENDANT LASD manages and oversees operations at the Twin Towers Correctional Facility ("TTCF").

10.  At all times relevant herein, Defendant SHERIFF ALEX VILLANUEVA (hereinafter "DEFENDANT VILLANUEVA") was, from December 3, 2018 to present, the Sheriff for Los Angeles County and in charge of Los Angeles County Jail, including Twin Towers Correctional Facility ("TTCF"), where RICHARD ANAYA was a detainee. By California law, the Sheriff is answerable for the safekeeping of inmates in his custody. Cal. Gov't Code §26605, 26610; Cal. Pen. Code §4006. DEFENDANT VILLANUEVA was responsible for the management and control of all Los Angeles County Jails, was responsible for the administration of TTCF; for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the TTCF, including custodial staff, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff, education staff, and supervisors; and for the implementation of policies and procedures at TTCF. He was responsible for the care, custody and control of all inmates housed in TTCF. DEFENDANT VILLANUEVA was regularly provided with reports concerning the treatment of mentally ill inmates, improper classification of inmates in the jails, jail suicides, medication related deaths, and other violations including the housing, care, mental health care, and treatment of inmates at TTCF. Pursuant to California law and his duties as the Sheriff of Los Angeles County, DEFENDANT VILLANUEVA is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for other. DEFENDANT VILLANUEVA's affirmative conduct involves his knowing failure to

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

ensure enforcement of policies, rules, or directives that set-in motion a series of acts by other which he knew or reasonable should have known would cause others to inflict a constitutional injury on RICHARD ANAYA.

11. At all times relevant herein, Defendant DR. JONATHAN E. SHERIN (hereinafter "DEFENDANT SHERIN") was the Director of Los Angeles County Department of Mental Health and in charge of Jail Mental Health operations in Los Angeles County, where Richard Anaya resided at the time of his death. DEFENDANT SHERIN was responsible for the management and administration of mental health services of the TTCF; for the selection, promotion, supervision, training, discipline and retention of mental health workers working within the TTCF, including counselors, nurses, doctors, physician assistants, mental health staff and supervisors; and for the implementation of mental health policies and procedures at TTCF. DEFENDANT SHERIN was regularly provided with reports concerning the treatment of mentally ill inmates, jail suicides, medication related deaths, and other violations involving mental health care and treatment of inmates at TTCF. Pursuant to California law and his duties as the Director of the Department of Mental Health of Los Angeles County, DEFENDANT SHERIN is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitution deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. DEFENDANT SHERIN's affirmative conduct involves his knowing failure to ensure enforcement of policies, rules, or directives that set-in motion a series of acts by others which he knew or reasonable should have known would cause others to inflict a constitutional injury on Richard Anaya.

12. At all times relevant herein, Defendant GREGORY C. POLK (hereinafter "DEFENDANT POLK") was the Deputy Director of Los Angeles County Department of Mental Health and in charge of Jail Mental Health operations in Los Angeles County, where Richard Anaya resided at the time of his death. DEFENDANT POLK was responsible for the management and administration of mental health services of the TTCF; for the selection, promotion, supervision,

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

training, discipline and retention of mental health workers working within the TTCF, including counselors, nurses, doctors, physician assistants, mental health staff and supervisors; and for the implementation of mental health policies and procedures at TTCF. DEFENDANT POLK was regularly provided with reports concerning the treatment of mentally ill inmates, jail suicides, medication related deaths, and other violations involving mental health care and treatment of inmates at TTCF. Pursuant to California law and his duties as the DeputyDirector of the Department of Mental Health of Los Angeles County, DEFENDANT POLK is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitution deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. DEFENDANT POLK's affirmative conduct involves his knowing failure to ensure enforcement of policies, rules, or directives that set-in motion a series of acts by others which he knew or reasonable should have known would cause others to inflict a constitutional injury on Richard Anaya.

13. At all times relevant herein, Defendant Dr. Douglas Greenblatt (hereinafter "DEFENDANT GREENBLATT") was the treating psychiatrist for Richard Anaya in the Los Angeles County Jails and responsible for providing competent mental health and medical care, treatment and follow-up care to Richard Anaya. DEFENDANT GREENBLATT is sued in his individual capacity

14. Plaintiffs are informed and believe and thereon allege that Defendant sued herein as DOES 1 through 50, inclusive, were employees of the County of Los Angeles, including but not limited to deputies and civilian staff of the Los Angeles County Sheriff's Department, employees of the Department of Mental Health, employees of the Twin Towers Correctional Facility, and employees of the Medical Services Bureau, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiff's allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
331 S. Grand Ave., Suite 3110
Los Angeles, CA 90071
(213) 425-0025

allege such names and responsibility when that information is ascertained.

15. Plaintiffs are ignorant of the true names and/or capacities of defendant sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission. Plaintiff will ask leave to amend their Complaint subject to further discovery.

16. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs timely filed a Government Tort Claim with the County of Los Angeles and the Los Angeles Sheriff's Department notifying the County and the Department of Plaintiffs' intent to file a lawsuit against the County and the Department.

## IV. <u>GENERAL ALLEGATIONS</u>

17. Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants. And in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants.

18. Each paragraph of this complaint is expressly incorporated into each cause of action which is a part of this complaint.

19. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff.

Theodore Theodosiadis

LAW OFFICE
331 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS,
WRONGFUL DEATH, AND DAMAGES**

**V.  FACTUAL ALLEGATIONS**

**A.    RICHARD ANAYA'S AUGUST 2019 INCARCERATION & DEATH**

20. Onor around August 27, 2019, Richard Anaya was booked into the Los Angeles County Jail Inmate Reception Center ("IRC") on allegation of obstructing and resisting and officer.

21. During booking at IRC, LASD administered a "Arrestee Medical/Mental Health Intake Screening" survey, which included a suicide risk assessment. Richard Anaya falsely advised LASD that he was *not* taking psychiatric medication, had no previous or present mental problems, had never been hospitalized in a psychiatric facility, and have never received any mental health services, including no mental health services involved with his prior incidents involving LASD. This information was clearly falseas this was not the first time Richard Anaya had a mental health outbreak involving the LASD. The LASD's electronic records reflected that Richard Anaya had a prior incident involving LASD on November 26, 2018, among others. The records further indicated that Richard Anaya suffered from mental health issues including "Schizophrenia".

22. On August 29, 2019, Liliana Alvarez, Department of Mental Health Clinical Psychologist, performed an IRC Initial Mental Health Evaluation. The intake report stated that "Richard Anaya is a 21-year-old Hispanic male arrested for Obstruct/Resist Executive Officer". During this screening, while Richard Anaya denied again of having mental health issues, he statedto Liliana Alvarez that he had previously "received Mental Health support in the community at Exodus Recovery Inc.". Liliana Alvarez's evaluation indicated that Richard Anaya was suffering from"[an] unspecific psychosis" and "appear[ed] to have slow processing skills" and considered Anaya a Medium Risk for Suicide.

23. Even with the concerns stated in the IRC Initial Mental Health Evaluation and prior electronic records readily available to LASD, Richard Anaya was incarcerated at Twin Towers Correctional Facility Tower 2. No medication was given to Richard Anaya.

24. On September 3, 2019, Dr. Douglas Greenblatt, Department of Mental Health Psychiatrist

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

performed a "Psych MD Assessment" on Richard Anaya. The Inmate Medical Documents stated that Richard Anaya's speech remained mute, only stating that "he was not supposed to be here". Dr. Douglas Greenblatt further stated in his assessment that Richard Anaya "showed current signs of psychosis, mania, or severe depression" and was unable to further "assess inmates medical needs due to lack of participation". Richard Anaya was noted as a "High Risk Level for Suicide" and was assigned to the High Observation Psychiatric Housing ("HOH") with specific directions for medication dosage and options should he refuse medication.

25. On September 4, 2019, Kaitlin Kay, Department of Mental Health Psych Social Worker performed an Initial HOH Intake/SAT Assessment.

26. Based on Los Angeles County Sheriff's Department Medication Administration Record (MAR), from the day Richard Anaya was taken into custody by LASD on August 27, 2019 until his next judicial hearing on September 24, 2019, no medication was ever administered to Richard Anaya.

27. On September 24, 2019, during a 1368 PC Competency Hearing in Department 95 B of the Superior Court of California, the Court, after reviewing a report by Doctor David Rad regarding Decedent's mental health, stated, "The Court finds that the Defendant lacks the mental capacity to make decisions regarding psychotropic medication. If untreated with psychotropic medication, it is possible that the ***Defendant will suffer serious harm to his physical or mental health.*** [Emphasis added.]

28. Further, the Court stated "It is medically appropriate to treat the Defendant's psychiatric condition with psychotropic medication. This medication is likely to be effective. The treatment facility is authorized to administer involuntary psychotropic medication to the Defendant. In an objectively reasonable manner consistent with the facility's policies when and as prescribed by the Defendant's treating psychiatrist." [Emphasis in original.]

29. The Court added, "…the involuntary medication order is in effect for one year or until maximum commitment date."

30. Based on Los Angeles County Sheriff's Department Medication Administration Record

- 8 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

(MAR) from September 24, 2019 when the Court ordered the involuntary medication of Richard Anaya, until his death no medication was ever administered.

31. The policies of DEFENDANT LASD regarding involuntary medication are outlined in DEFENDANT LASD's "Custody Division Manual." The manual offers authority for administering involuntary medication in instances where an inmate is unable to provide informed consent to prescribed medication and where a Court issues an order authorizing such action.

32. Though Decedent was deemed to "lack[s] the mental capacity to make decisions regarding psychotropic medication," and there was a Court order authorizing involuntary medication be administered, and the facility had procedures in place for this exact situation, Decedent never received the medication needed to keep him alive.As a result, Decedent suffered the fate that the Court feared. The lack of medication resulted in serious harm to Decedent's physical and mental health and Mr. ANAYA died after nearly two months of neglect.

33. Plaintiffs are informed, believe and therein allege that DEFENDANT COUNTY and DEFENDANT LASD, had reason to know by way of actual or constructive notice, of the aforementioned Court order, Decedent's mental health needs, and the departmental policy and procedures outlined in the "Custody Division Manual."

34. Plaintiffs are informed, believe and therein allege that DEFENDANT COUNTY and DEFENDANT LASD, had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern, and/or practice and the complained of conduct and resultant injuries/violations.

**B.**     **THE COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF DEPARTMENT, DEPARTMENT OF MENTAL HEALTH, AND MEDICAL SERVICES BUREAU'S POLICIES, CUSTOM AND PRACTICES VIOLATING THE RIGHTS OF PERSONS WITH MENTAL ILLNESS, VIOLATED THE FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION BY FAILING TO PROVIDE ADEQUATE MENTAL HEALTH SERVICES AND ADEQUATE PROTECTION TO RICHARD ANAYA.**

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

35. On September 5, 1997, the United States Department of Justice ("DOJ") advised Ms. Joanne Sturges, the Los Angeles County Executive, the results of its June 6, 1996 investigation into the mental health conditions of the Los Angeles County Jails pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§1997 *et seq*. The DOJ concluded that "unconstitutional conditions exist at the Los Angeles County Jail, including a deliberate indifference to inmates' serious mental health needs." After itemizing multiple unconstitutional conditions pertaining to the treatment of inmates with mental health conditions, the DOJ made Recommended Remedial Measures which specifically focused on suicide prevention, including but not limited to: "recognizing and responding to indications of suicidal thoughts", "recognizing and responding to medical needs" and "proper medical observation."

36. On December 19, 2002, the Los Angeles County and the United States entered into a Memorandum of Agreement Regarding Mental Health Services at the Los Angeles County Jail ("MOA"). Sheriff Lee Baca was one of the signers of the MOA, which was entered into to avoid potential litigation concerning the mental health services at the jail. Among the provisions in the agreement is the acknowledgment that:

    a. The "Sheriff of Los Angeles County, and the Los Angeles County Sheriff's Department of Mental Health are responsible for overseeing and/or providing mental health services to the inmates at the Jail;"

    b. The "Mental health staff shall make weekly round in locked down non-mental health housing modules (e.g., administrative segregation, disciplinary segregation) at the Jail to identify inmates who may have been missed during screening or who have decompensated while in the Jail;"

    c. "The County shall provide adequate mental health treatment to all inmates determined to be mentally ill;"

    d. "The County shall ensure adequate therapy and counseling for all mentally ill inmates who need such care. This includes adequate space for treatment, adequate staff to provide treatment, and adequate therapeutic programming;"

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

e. "the County shall ensure that inmates observed to be potentially suicidal receive appropriate crisis intervention, (including placement in a safe setting and evaluations in a timely manner), by qualified mental health professionals to determine whether and what level of suicide or medical observation is required;"

f. "The County shall provide sufficient mental health staffing to ensure timely access to adequate mental health treatment and meet the obligations and provide the services listed in this Agreement;"

g. "The County shall implement mandatory orientation and continuing competency based in-service training for correctional staff in the identification and custodial care of mentally ill inmates, including, but not limited to: (b) recognizing and responding to indication of suicidal thoughts, (c) property suicide and medical observation, and (f) response to mental health crisis, including suicide and medical intervention . . . the County shall provide annual refresher training," and,

h. "Staff shall not be permitted to physically, verbally or mentally abuse inmates with mental illness."

37. On September 5, 2013 – almost 8 years before Richard Anaya's incarceration and death, the Department of Justice gave notice to William T. Fujioka, Chief Executive Officer of the County of Los Angeles, and Sherriff Baca, that the DOJ was going to complete its assessment oof the Los Angeles County Jail as to whether the Jail has complied with the 20002 MOA regarding delivery of mental health services. Specifically, the DOJ referenced the finding of the MOA reflecting allegations of inadequate suicide prevention and mental health related illness treatment for prisoners. In addition, the DOJ correspondences emphasized the "recent increase in suicides and mental health related health."

38. On June 4, 2014, the DOJ sent to County Counsel a compliance letter on the 2002 MOA about treatment of the mentally ill. After performing an extensive investigation – a concerning growth in mental health and suicide related deaths, the Department of Justice found: "Based on our review, we conclude that the County violated the Eighth and Fourteenth Amendments of the

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

- 11 -

United States Constitution by failing to provide adequate mental health services and protect prisoners from serious harm or risk of harm at the Jails to inadequate suicide prevent and mental health practices. Consistent with the practice of our long-standing investigation of the Jails pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997, we write to update our conclusions of September 5, 1997 regarding mental health treatment and suicide prevention at the Jails and to discuss the minimum remedial steps necessary to address the identified deficiencies."

39. The Department of Justice concluded that "Los Angeles County, including the Sheriff's Department and the Department of Mental Health, violates prisoners' constitutional right to adequate suicide prevention and mental care practices, which is required as part of the Jails' legal obligation to meet the serious mental health care needs of all prisoners. These deficiencies pose a substantial risk of serious harm to prisoners in violation of the Fourteenth Amendment's due process protections for pretrial detainees, as well as the Eight Amendment's protections for those convicted of a criminal offense."

40. The June 4, 2014 DOJ report articulated numerous systemic failures of DEFENDANT COUNTY and DEFENDANT LASD to maintain constitutional adequate mental health care which directly applied to unconstitutional treatment of Richard Anaya and his untimely death. These conditions, include, but are not limited to:

    a.   There were inadequate mental health care services to prevent prisoners from becoming ill or suicidal, to identify the medical needs or prisoners, to identify suicidal prisoners, or to prevent prisoners from going into crisis.

    b.   The Los Angeles County Jails do not provide appropriate custodial supervision for prisoners, resulting in repeated lapses in the Jails' safety checks, creating a serious risk of harm to prisoners from suicidal behavior.

    c.   The general lack of adequate supervision is especially troubling given the hazardous conditions, including known suicide risks that exists in nearly every housing unit in the jails. Prisoners with mental illness are housed in conditions that

- 12 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

present, rather than prevent, a risk of suicide. Deputies do not consistently perform timely, thorough safety checks.

d. Custody staff of the LASD, the Medical Services Bureau, and the Department of Mental Health had inadequate intake screening and identification of individuals with mental illness and are at risk for injury and death, ignoring significant mental health and medical history.

e. Incomplete information collection and communication in intake assessments and evaluations: Although LASD conducts screenings to identify prisoners who may be at risk for suicide or self-harm, screenings are often not filled out completely or adequately incorporated into the prisoner's electronic medical record. As a result, intake screening is insufficient to identify and protect individuals at risk for suicide or medical injuries and emergencies.

f. Custody staff of the LASD, the Medical Services Bureau, and the Department of Mental Health often operate in "silos" when addressing suicide incidents and risks, resulting in a lack of communication, or miscommunication between representatives of these entities, causing a critical breakdown in the custody and care of the prisoners in the Jails.

g. Insufficient mechanisms to ensure that any relevant information regarding a prisoner's medical or mental health status or history (for example, for the arrest report) is communicated to medical and mental health staff for inclusion in the prisoner's electronic medical record.

h. Despite the onslaught of medical related deaths, mental health related and suicide attempts in the year preceding Richard Anaya's death, there was persistent failure of the Jails' command staff to critically review the policies, staffing and custody practices to the suicides and the suicide attempts that were occurring.

i. The prevalence of hazardous conditions within the Jails which promote risk of suicide and risk of medical related injuries.

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

j. The practice of placing potentially suicidal inmates into single cells by custody staff without identifying prisoner classification, verifying medical needs, or consulting mental health staff.

41. In addition to listing the persistent flaws in treatment of mentally ill patients, the DOJ Report illustrated the severe failure of Defendant COUNTY to comply with the 20002 MOA, and its failure to meet the standard of care required by the Eighth and Fourteenth Amendments of the United States Constitution. The DOJ Report further highlighted specific inmates whose deaths occurred while in custody as examples of Defendant COUNTY's substandard, unconstitutional treatment of inmates with mental health illness who were at risk of injury. The inmates referenced as examples in the June 4, 2014 DOJ letter demonstrated how DEFENDANT COUNTY – specifically its Custody Staff of the LADS, the Medical Services Bureau, and the Department of Mental Health – all contributed to the prevalence of inmate suicides in the Los Angeles County Jail facilities from 2012 through 2014.

42. Beyond these flagrant conditions which contributes to excessive inmate deaths, the DOJ report also emphasized that the continued failure of the COUNTY to critically review an inmates death lead to a repeated cycle increasing the likelihood of similar misconduct and death in the future:

"The many errors in the critical incident reviews, errors of both omission and inaccurate recording, create suspicion with regard to their veracity. For example, the final critical incident review for the death of Dean is marked by errors in facts and appears to be the product of cutting and pasting from another death that occurred prior to Dean's death. Inconsistencies and errors in his age, his record of incarceration in the Jails, and in the dates of the critical incident review meetings make the entire review document questionable. Apparently, none of these errors were noted by members of the review committee, as they remained in the critical incident review three months after Dean's death."

43. The actions and inactions of the LASD, the Department of Mental Health and the Medical

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

Services Bureau set forth in the preceding paragraphs were known or should have been known to the policy makers responsible for the Defendant COUNTY and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or the strong likelihood that constitutional rights would be violated as a result of failing to train., supervise or discipline in areas where the need for such training was obvious.

44. The actions and omissions of Defendant COUNTY and its Sheriff's Department, Department of Mental Health, and Medical Services Bureau set forth in the preceding three paragraphs were a motivating force behind the violations of Richard Anaya's constitutional rights set forth in this complaint.

45. On August 5, 2015, almost 6 year prior to the death of Richard Anaya, Defendant COUNTY and the United States Department of Justice entered a settlement agreement concerning the provision of mental health care at the Los Angeles County Jail. The Settlement agreement was specifically intended to ensure measures to protect prisoners from conditions that "place them at unreasonable risk of harm from [medical injury], suicide, self-injurious behavior, or unlawful injury by others, in accordance with their constitutional rights."

46. The settlement agreement required, *inter alia*, that the COUNTY and LASD commence a systemic review of all prisoner housing, beginning with FIP, HOH, Moderate Observation and single-person discipline cells, to identify and address suicide hazards, using a nationally-recognized audit tool for review. It further required COUNTY and LASD to develop a plan to identify any other areas of mental health housing where such protective barriers should be installed.

## VI.  PARTICIPATION, STATE OF MIND AND DAMAGES

47. All Defendants acted without authorization of law.

48. Each Defendant participated in the violations alleged herein, or directed the violations alleged hererin, or knew of the violations alleged herein and failed to act to prevent them. Each Defendant ratified, approved or acquiesced in the violations alleged herein.

Theodore Theosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

49. As joint actors with joint obligations, each Defendant was and is responsible for the failures and omissions of the other.

50. Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiffs' rights.

51. Each Defendant acted with a deliberate indifference to or reckless disregard for, an accused's rights for adequate mental health care in a custodial facility.

52. As a direct and proximate result of the aforementioned acts, omissions, customs, practices, policies and decisions of the Defendants, Mr. Richard Anaya suffered great fear, physical and mental suffering, anguish, confusion, anxiety, nervousness, and ultimately, loss of life during this time period which LASD, Department of Mental Health and the Medical Services Bureau failed to provide appropriate psychiatric care and treatment for his urgent psychiatric and medical conditions.

53. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants, Plaintiffs have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

54. Due to the acts of the Defendants, Plaintiffs have suffered, and continue to suffer, and are likely to suffer in the future, extreme and severe mental anguish as well as mental and physical pain and injury. For such injury, Plaintiffs have incurred and will incur significant damages based on psychological and medical care.

55. As a further result of the conduct of each of these Defendants, Plaintiffs have been deprived of familial relationships, including the loss of their son and brother, Richard Anaya, and has caused severe emotional impact on their family as a whole.

56. The aforementioned acts of the Defendants, and each of them, was willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate indifference to the constitutional rights of the Plaintiffs, entitling Plaintiffs to exemplary and

Theodore Theodosiadis

LAW OFFICE
331 S. Grand Ave., Suite 3110
Los Angeles, CA 90071
(213) 425-0025

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

punitive damages from each defendant other than Defendant COUNTY in an amount to be proven at the trial of this matter.

57. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. § 1983 and the Eighth, and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

58. Plaintiff TEODORObrings this claim as co-successor-in-interest to Decedent ANAYA and seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and her rights.

59. Plaintiff TEODORO is further entitled to recover damages incurred by Decedent before he died as a result of Plaintiffs' gross negligence, of Decedent's right to life and enjoyment of life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent, consisting of pain and suffering he endured, during the time he struggled for his life, as a result of the violations of his civil rights.

60. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiff's request payment by Defendants of a reasonable sum for attorney's fee's pursuant to 42. U.S.C. §1988, California Code of Civil Procedure §1021.5 and any other applicable provision of law.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. §1983**
**DELIBERATE INDIFFERENCE TO**
**SERIOUS MEDICAL NEEDS AND SAFETY**
**(Against All Defendants and DOES 1-50, Except Defendant COUNTY and LASD)**

61. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 60 of this Complaint as though fully set forth.

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

- 17 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS,**
**WRONGFUL DEATH, AND DAMAGES**

62. Defendants, above-described conduct violated Decedent's right, as provided for under the Fourteenth Amendment to the United States Constitution.

63. Plaintiff is informed and believes, and based on such information and belief, alleges that Defendants acted with deliberate indifference for Mr. ANAYA'S serious medical needs and safety, in that they failed to provide adequate psychiatric assessment, treatment and intervention.

64. Defendants had actual or constructive knowledge that substantial risk of serious harm to Decedent existed, and Defendants disregarded that risk.

65. Decedent was forced to endure great physical and mental pain and suffering because of the Defendants' conduct, or lack thereof, before his death.

66. Plaintiff, as successors-in-interest of Decedent brings claims for damages for the conscious pain and suffering incurred by Decedent, as provided under 42 U.S.C. §1983.

67. Defendants acted under color of law by denying Decedent his medication, which caused his untimely death, thereby depriving Decedent of certain constitutionally protected rights, including, but not limited to, the right to be free from cruel and unusual punishment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**DEPRIVATION OF CIVIL RIGHTS TO FAMILIAL RELATIONSHIP - 42 U.S.C. §1983**
**DELIBERATE INDIFFERENCE TO**
**SERIOUS MEDICAL NEEDS AND SAFETY**
**(Against All Defendants and DOES 1-50, Except Defendant COUNTY and LASD)**

68. Plaintiff hereby re-alleges and incorporates by reference herein Paragraphs 1 thorough 33 of this Complaint as through fully set forth.

69. Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of her right to a familial relationship by consciously disregarding the substantial risk of serious harm to Decedent, which resulted in Decedent's death, all without justification.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//

//

Theodore Theodosiadis

LAW OFFICE
331 S. Grand Ave., Suite 3110
Los Angeles, CA 90071
(213) 425-0025

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS,**
**WRONGFUL DEATH, AND DAMAGES**

**THIRD CAUSE OF ACTION**
(*Monell*– 42 U.S.C. Section 1983)
(Against All Defendants)

70. Plaintiff hereby re-alleges and incorporates by reference herein Paragraphs 1 through 69 of this Complaint as though fully set forth.

71. Plaintiff is informed and believes and thereon alleges that , at all times herein mentioned, Defendants, with deliberate indifference, and conscious disregard to the safety, security and constitutional and statutory rights of Mr. ANAYA, engaged in the unconstitutional conduct and omissions as is specifically elaborated in ¶¶20-60 et seq., above.Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, Defendants, with deliberate indifference, and/or conscious or reckless disregard to the safety and constitutional rights of Mr. ANAYA, and other inmates with severe mental health conditions, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied the policies, practices and customs set forth in Section V, B, above, including, but not limited to: failure to provide adequate mental health services; failure to mitigate or eliminate known environmental, suicide hazards prevalent throughout jail housing areas, including housing areas to which inmates with serious mental illness are assigned (including jumping hazards present in tiered HOH housing units); failure to provide appropriate custodial supervision of inmates with mental health conditions – despite known suicide hazards; failure to ensure that mental health housing and treatment spaces meet minimum safety design standards for facilities in which persons with serious mental illness are held; failure to ensure sufficient treatment space and staffing necessary to provide adequate mental health care; inadequate intake screening and assessment for housing placement; inadequate monitoring and assessment of inmates' mental health conditions; insufficient mechanisms to ensure communication of relevant information between custodial, medical and mental health staff; failure to ensure appropriate suicide intervention measures; and, failure to ensure adequate training of correctional staff in suicide prevention and responding to mental health care crises.

72. Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned,

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

Theodore Theodosiadis

LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

individual Defendants' wrongful conduct was the result of policies, practices and customs to subject inmates of the Los Angeles County Jails to unconstitutionally inadequate treatment for inmates with mental health conditions; permit and promote unsafe conditions for inmates leading to a heightened risk of suicide; and cover-up incidents of unconstitutional behavior by members of its LASD custody staff, Medical Services Bureau and Department of Mental Health.

73. At all times herein mentioned, the County of Los Angeles and its Sheriff's Department, the Medical Services Bureau, and the Department of Mental Health authorized and ratified the wrongful acts of the individual Defendants. The actions and inactions of the LASD including it custody staff, the Medical Services Bureau, and the Department of Mental Health set forth in ¶¶20-60, et seq. were known or should have been known to the policy makers responsible for Los Angeles COUNTY, and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

74. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants COUNTY and LASD and DOES 1 – 50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorize the continuing pattern and practice of misconduct and/or civil rights violations by the Los Angeles County Sheriff's Department, which brought about circumstances which led to Decedent's untimely death.

75. The actions of the LASD including it custody staff, the Medical Services Bureau, and the Department of Mental Health set forth herein were a motivating force behind the violations of Plaintiffs' and Mr. ANAYA's constitutional rights as set forth in this complaint.

76. As a direct and proximate result of Defendant COUNTY OF LOS ANGELES' policies, practices, and customs, Plaintiffs sustained injury and damage as proved.

77. As a result of Defendants', and each of their, violations of Plaintiffs' and Mr. ANAYA's constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**

**FOURTH CAUSE OF ACTION**
**Deprivation of Plaintiffs' State Statutory Rights - Civil Code § 52.1**
**(Against All Defendants and DOES 1-50, Except Defendant COUNTY and LASD)**

78. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 77 of this Complaint as though fully set forth.

79. Defendants above described conduct constituted interference and attempted interference with Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and law of the United States and the State of California, in violation of California Civil Code §52.1.

80. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,000.

81. As a proximate result of Defendant's gross negligence and wrongful conduct, Plaintiff suffered as hereinafter set forth below.

82. Plaintiff contends that Defendants are liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while Defendants were engaged in the performance of their job duties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**FIFTH CAUSE OF ACTION**
**(Negligence)**
**(Against Defendants COUNTY, LASD, and DOES 1 - 50)**

83. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 of this Complaint as though fully set forth, except for any and all allegations of wrongful death, intentional, malicious, extreme, outrageous, wanton and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

84. Defendants and DOES 1 – 50, by and through their respective agents and employees, caused Decedent's death, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

85. As an actual and proximate result of Defendant's negligence, Plaintiff sustained pecuniary

- 21 -

Theodore Theodosiadis
LAW OFFICE
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.  For general damages in a sum to be determined according to proof;

2.  For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.  For punitive damages and exemplary damages in amounts to be determined according to proof;

4.  For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.  For any and all statutory damages allowed by law;

6.  For cost of suit herein incurred; and

7.  For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF THEODORE THEODOSIADIS**

Dated: March 11, 2021

_____
Theodore Theodosiadis, Esq.
Attorney for Plaintiffs

Theodore Theodosiadis

LAW OFFICE
331 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
(213) 425-0025

- 22 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH, AND DAMAGES**