**JILL WILLIAMS – State Bar No. 221793**
**SCOTT CARPENTER – State Bar No. 253339**
**CARPENTER, ROTHANS & DUMONT**
500 S. Grand Ave, 19th Floor
Los Angeles, CA 90071
(213) 228-0400 / (213) 228-0401 (fax)
jwilliams@crdlaw.com / ybakman@crdlaw.com

Attorneys for Defendants County of Los Angeles

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Myrna Teodoro, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> County of Los Angeles, et al., <br><br> Defendants. | Case No.: CV 20-9139-GW-PLAx <br><br> **PROTECTIVE ORDER** |

IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

The Protected Documents shall be subject to this Protective Order as follows.

1. All documents produced by the County of Los Angeles that compromise the Protected Documents will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure. The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the document.

2. Each person receiving any of the Protected Documents shall not

disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Defendant County of Los Angeles and its employees;

    (c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

    (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

    (e) With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Protected Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the protected information. It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

4. The Protected Documents may be disclosed to the Court and court personnel, in connection with this litigation. Portions of the Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending

to use documents from Protected Documents must both (a) apply to submit unredacted documents containing any portion of the Protected Documents under seal and (b) file public versions of the same documents with the information from the Protected Documents redacted.

5. In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

6. The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

7. Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Protected Documents made by such person during the course of said depositions.

8. At any future deposition(s), should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

9. The Protected Documents shall be used solely in connection with the preparation and trial of this action, entitled <u>Myrna Teodora v. County of Los Angeles, et al.</u>, bearing case number 2:20-cv-09139-GW-PLA or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

PROTECTIVE ORDER

10. This Order may not be modified unless by written consent of the parties and approval of the Court. Any party may move for a modification of this Order at any time. Upon receipt and review of the documents produced pursuant to this protective order, any party may move to remove the confidential designation of any document after meeting and conferring with opposing counsel and pursuant to the procedures governing discovery motions set forth in Local Rule 37.

11. This Order is made for the purpose of ensuring that the Protected Documents will remain confidential, unless otherwise ordered by the Court or in response to a successful motion by a party.

12. At the conclusion of this litigation, upon request of defense counsel, plaintiff's counsel shall return the Protected Documents to Scott Carpenter, Esq., Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles, California 90071. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within 30 calendar days after the conclusion of this case. Additionally, within thirty 30 calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## **GOOD CAUSE**

The parties submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendant's concerns that the documents consist of private information concerning the parties to this litigation, as well as individuals who are not parties to this litigation, as protected by the right to privacy as protected by the California and United States Constitution, with plaintiff's right to

discovery in this litigation.  The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

    IT IS SO ORDERED.

DATED: May 26, 2021

_____
Honorable George H. Wu
United States District Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, Theodore Theodosiadis, of 333 S. Grand Ave. Suite 3310, Los Angeles, CA 90071, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on May 25, 2021 in the case of Myrna Teodora v. County of Los Angeles, et. al., case number 2:20-cv-09139-GW-PLA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint Alex Lee of 333 S. Grand Ave. Suite 3310, Los Angeles, CA 90071, as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: May 25, 2021
City and State where sworn and signed: Los Angeles, California.
Printed name: Theodore Theodosiadis